Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Matthew R. Snyder (SBN 350907)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
msnyder@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE VACCARO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>E I G MANAGEMENT d/b/a/ ECO STAR REMODELING & CONSTRUCTION; and DOES 1-10 Inclusive**,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.<br><br>**JURY TRIAL DEMANDED**<br><br>**ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF** |

## INTRODUCTION

1. DAVE VACCARO ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of E I G MANAGEMENT d/b/a/ ECO STAR REMODELING & CONSTRUCTION ("Defendant"), in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") and related regulations. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and

experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under a federal statute, namely the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

3. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein, was a natural individual and resident of the State of California, County of Los Angeles. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39). Plaintiff was physically in California at the time he received the alleged phone calls from Defendant.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant is a corporation of the State of California. Defendant, and all of its agents, are and at all times mentioned herein were "persons," as defined by 47 U.S.C. § 153(39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

## FACTUAL ALLEGATIONS

6. Beginning in or around October of 2024, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -3928, in an attempt to solicit Plaintiff to purchase Defendant's services.

7. Plaintiff's cellular telephone number ending in -3928 was added to the National Do-Not-Call Registry since July 2, 2003.

8. Plaintiff estimates that he has received over ten (10) calls from Defendant.

9. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

10. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

11. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

12. Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

13. Plaintiff further alleges that Defendant does not train its employees who are engaged in telemarketing in the existence and use of any do-not-call list, as required by 47 C.F.R. § 64.1200(d)(2).

14. These calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated, as a member of the proposed Class (hereafter, "The Class").

16. Plaintiff represents, and is a member of, the National Do-Not-Call Class (hereinafter "National DNC Class") defined as follows: All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who received more than one call by or on behalf of Defendant that promoted Defendant's products or services within any twelve-month period, within four years prior to the filing of this Complaint through the date of class certification.

17. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class

members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

18. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

19. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

20. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

21. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of the Class members in individually controlling the prosecution of separate claims against Defendant are small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

22. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

23. Plaintiff and members of the National DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and National DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the National DNC Class

members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the National DNC Class members were damaged thereby.

24. There is a well-defined community of interest in the questions of law and fact involved affecting the National DNC Class members. The questions of law and fact common to the National DNC Class predominate over questions which may affect individual National DNC Class members, including the following:

  a. Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant or their agents placed more than one telemarketing/solicitation calls to National DNC Class members whose telephone numbers were on the National Do-Not-Call Registry;

  b. Whether Defendant maintains proper procedures and policies on the use of do-not-call lists, as required by 47 C.F.R. § 64.1200;

  c. Whether Plaintiff and the National DNC Class members were damaged by Defendant's conduct, and the extent of damages for such violations; and

  d. Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

25. As a person that received solicitation telephone calls from Defendant within a 12-month period, and whose phone number was registered on the National Do-Not-Call Registry, Plaintiff is asserting claims that are typical of the National DNC Class. Plaintiff will fairly and adequately represent and protect the interests of the National DNC Class in that Plaintiff has no interests antagonistic to any member of the National DNC Class.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(C)
### ON BEHALF OF THE NATIONAL DNC

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

28. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the National DNC Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

29. Plaintiff and the National DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(C)**
**ON BEHALF OF THE NATIONAL DNC CLASS**

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

32. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the National DNC Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

33. Plaintiff and the National DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, and members of The National DNC Class, the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227(C)

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks for herself and each national DNC Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).
- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227(C)

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks for herself and each National DNC Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B) and 47 U.S.C. § 227(c)(5)(C).
- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated:  January 22, 2025                              Respectfully submitted,

THE LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
TODD M. FRIEDMAN, ESQ.
ATTORNEY FOR PLAINTIFF